CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN, Respondent.

*September 14—October 13, 1931.*

For the appellant there was a brief by *J. F. Baker* and *D. E. Riordan,* both of Milwaukee, attorneys, and *Samuel H. Cady* of Chicago of counsel, and oral argument by *Mr. Baker.*

For the respondent there was a brief by the *Attorney General* and *Samuel Bryan,* assistant attorney general, and oral argument by *Fred M. Wylie,* deputy attorney general, and *Mr. Bryan.*

ROSENBERRY, C. J. The claim of the plaintiff is that under the authority conferred upon the Railroad Commission by sec. 195.22, Stats. 1927, the facts found by the commission do not authorize the exercise of the power conferred upon it. The commission said:

"It is apparent from the testimony in the present proceedings that the traffic on the highway in question has increased to such an extent that the present structure is inadequate because of the poor alignment and surfacing to provide with reasonable convenience for the travel on the highway. . . .

"As the commission views the matter, however, the determination of this case does not depend upon a finding that the changes ordered are required for public safety. For this reason the commission will not pass upon that phase of that matter in this proceeding.

"The commission finds that the reconstruction of the viaduct here under consideration is necessary to provide for the reasonable convenience of public travel on the highway in question, and that it is the duty of the railway company under the provisions of section 190.22 of the Statutes of 1923 to perform the work hereinafter ordered at its own expense."

It is elementary that the Railroad Commission, being purely a creation of the statute, has only such powers as are

expressly and by necessary implication conferred upon it. Nowhere do we find any provision of the statutes conferring upon it authority to order the construction of a bridge on the ground of public convenience. This was a proceeding brought under the provisions of sec. 195.22, Stats. 1923, which required the petitioner to allege that public safety requires an alteration in such grade crossing. We find no reference whatever to public convenience. While it is true that sec. 195.48 conferred blanket power upon the commission to enforce the provisions of secs. 195.01 to 195.54, inclusive, that does not relieve the commission, when it exercises a power, from the necessity of being able to point to the source from whence that power is derived. Reference is made in the briefs of counsel for the defendant to sec. 195.12. This section requires railroads to construct and maintain adequate tracks, bridges, etc., "in a reasonably adequate and safe manner for the operation of its said railroad." Nowhere was the claim set up that safety in the operation of the railroad requires the construction of a concrete bridge at the point in question. There being no finding, and under the facts established it not appearing as an undisputed fact that public safety requires the erection of the improvement in question, the order of the Railroad Commission was without authority.

It is apparent that the real question for determination by the commission has not been passed upon and was by the language of the opinion expressly withheld from consideration. The circuit court was therefore in error in not setting aside the order of the Railroad Commission.

*By the Court.*—The judgment of the circuit court is reversed, and cause remanded with directions to enter judgment vacating and setting aside the order in question.